OPINION OF THE COURT
Judith A. Hillery, J.
Defendant, in indictment dated October 23,1984, was accused of two counts of murder in the second degree in violation of Penal Law § 125.25 (1) and two counts of murder in the second - degree in violation of Penal Law § 125.25 (3).
On March 5,1985, Honorable Peter C. Patsalos granted defendant’s application for a hearing to be conducted by this court to determine whether or not the defendant is an incapacitated person. Said hearing was held on April 23, 1985.
The People called Daniel W. Schwartz, M.D., who testified that he is a forensic psychiatrist, and that he diagnosed the defendant, Barry Vallen, as having the mental illness of schizophrenic chronic paranoid type. He further testified that he used the standards set forth in People v Valentino (78 Misc 2d 678) to determine whether or not the defendant was competent to stand trial. Dr. Schwartz further testified that in his opinion, there are different degrees of fitness to proceed because there are different *398 legal tasks which require different legal considerations. He further testified that he applied the standards espoused in People v Valentino for the purpose of this hearing. He testified that the defendant was fit to proceed for the purpose of the court conducting a Huntley hearing or for the purpose of the court taking a plea based upon the defendant not being responsible for his conduct by reason of mental disease or defect. However, he further testified that the defendant was not competent to proceed for the purpose of jury selection, the rigors of a jury trial, and potentially testifying. The psychiatrist further explained that the reason he thought that the defendant, although not fit to stand trial and participate and aid and assist his counsel during a jury trial, was fit to aid and assist his counsel at a Huntley hearing, was due to the fact that there would be a “minimal amount of participation by the defendant” in the pretrial Huntley hearing.
The defense called Richard L. Weidenbacher, Jr., M.D., a psychiatrist, who testified that the defendant, Barry Vallen, was a chronic paranoid schizophrenic type, that the defendant’s mental organization is tenuous and impaired and that he is difficult to understand in that his verbal communications are unintelligible and that the defendant lacks insightfulness.
At this hearing, the court has been confronted with an issue which appears to be one of first impression. The court has been asked to decide whether a person whom both a psychiatrist for the People and a psychiatrist for the defense admit that the defendant is not fit to assist his counsel in his own defense at a jury trial and who does not have sufficient intelligence and judgment to listen to advice of counsel and, based upon that advice, appreciate that one course of conduct may be more beneficial than another and who is not sufficiently stable to enable him to withstand the stresses of a jury trial without suffering a serious prolonged, or permanent breakdown, does have sufficient capacity to effectively assist his counsel at what is commonly called a Huntley hearing.
CPL article 730, and, in particular, section 730.10 (1), reads as follows: “‘Incapacitated’ person means a defendant who as a result of mental disease or defect lacks capacity to understand the proceedings against him or to assist in his own defense”.
This particular section of the Criminal Procedure Law does not distinguish between the defendant’s lack of capacity to understand the proceedings against him or to assist in his own defense at pretrial hearings such as Huntley hearings, Wade hearings, suppression hearings, probable cause hearings or a *399 combination of same. Nor does it distinguish between lacking capacity to understand the proceedings against him or to assist in his own defense at jury trials or nonjury trials.
In this case both Doctor Schwartz, the psychiatrist for the People, and Doctor Weidenbacher, the psychiatrist for the defense, agreed that the defendant does not remember the alleged incident which precipitated the filing of an indictment charging the defendant with two counts of intentional murder and two counts of felony murder. Both psychiatrists are in agreement that the defendant suffers from a mental illness diagnosed as chronic schizophrenia paranoid type. Further, and more significantly, both psychiatrists agree that the defendant is not capable of withstanding the rigors of a trial, be it either a jury or nonjury trial.
The two psychiatrists, Doctor Ting and Doctor Chellappa, who filed the initial report with this court in November 1984 indicating that the defendant was fit to stand trial, testified at this hearing on behalf of the People. They merely testified to conclusory opinions that the defendant was fit to stand trial in November of 1984. The court does not find that their opinions that the defendant was competent to proceed to trial in November 1984 relevant as to whether or not the defendant is competent to proceed to trial in April or May of 1985. Additionally, the two psychiatrists failed to provide the court with any information concerning the basis or reason for their opinion.
Doctor Schwartz testified on behalf of the People that in his opinion the defendant was fit to proceed to trial and able to assist his attorney in his defense for the purposes of a pretrial Huntley hearing only because the defendant had confidence in his attorney, and understood the basic roles of the Judge, the prosecuting attorney and defense counsel. However, he testified that the main reason that he felt the defendant was competent to proceed with respect to the Huntley hearing was his alleged minimal involvement at that pretrial hearing.
The court finds that this supposition of the People’s expert that the working relationship between the attorney and client with respect to pretrial hearings is minimal and does not affect substantial rights of the defendant guaranteed both by the US Constitution and the NY Constitution is erroneous. In the absence of the defendant being able to communicate with his attorney, his attorney cannot effectively convey to the defendant his various options with respect to his testifying or not testifying at a pretrial hearing and with respect to the sum and substance of his testimony if the defendant did elect to testify on his own *400 behalf at pretrial hearings. Moreover, his attorney would be unable to have the benefit of defendant’s analysis and choice as to the various options then presented. For this court to rule that the defendant is competent to proceed to trial for the limited purpose of conducting a pretrial hearing presupposes in this case that the defendant can intelligently understand and appreciate the various options with respect to (1) taking the stand to testify on his own behalf or not taking the stand to testify on his own behalf in the pretrial hearings, and/or (2) waiting to trial to decide whether to testify or not to testify with respect to issues raised at a Huntley hearing, (3) in a case of this nature where the defense has raised the issue of Penal Law § 30.05, or the so-called insanity defense, whether to admit the incident involved or not to admit the incident involved, to continue with an insanity defense or not to continue with an insanity defense, (4) or to aid his counsel generally in the proceedings of a pretrial hearing and to aid his counsel generally in the proceedings at a jury trial, or (5) to waive his right to a jury trial and proceed on a nonjury trial.
The psychiatrist for the People did not address these various and complicated issues nor did he testify that the defendant was competent to appreciate the significance of these very substantial and very important legal rights or to aid and assist his counsel with respect to the defense of same on his own behalf or that he was capable of such intellectual judgment as to make a reasoned judgment as to whether he should proceed with or waive any of his various constitutional rights such as trial by jury or to proceed to trial without jury or to waive his rights with respect to the various defenses and/or not to proceed with respect to one or more of his potential defenses, or to plead guilty or waive his right to a jury or nonjury trial and then plead not responsible by reason of mental disease or defect.
In addition, assuming arguendo, that the psychiatrist for the People could convince this court that there is one standard of competency to stand trial for the purpose of pretrial hearings and another standard to stand trial for the purpose of proceedings to trial by jury to verdict or proceeding to trial by nonjury to verdict, certain statements and observations by the People’s psychiatrist which allegedly supports the psychiatrist’s position that the defendant is able to stand trial for the purpose of pretrial hearings is not substantiated by his own statements. He repeatedly testified that the defendant believes that his thoughts are still controlled by his mother. The psychiatrist provided no information or insight or standard by which the court could assess which intellectual processes the defendant *401 would be using at pretrial hearings, whether defendant’s thoughts, judgments, or other intellectual process would or would not be “controlled by his mother”.
Additionally, the psychiatrist testified that the defendant was upset when the psychiatrist attempted to force him to articulate his thoughts, his positions, and his reasoning concerning certain things, that the defendant thought that the psychiatrist just by looking at him should know what he was thinking. This lack of intelligent and logical perception by the defendant with respect to a stranger or third party knowing why the defendant did or did not do something or think in a certain manner or form would in this court’s opinion be transferred not only to a judge, but to a jury, and this essential and fundamental lack of intelligence perception on the part of the defendant with respect to the thought processes of other individuals would effectively deny him a fair trial and would effectively deny him the effective assistance of counsel with respect to the serious charges by which he is confronted and would effectively deny him any viable defenses which he might present to a judge sitting as a trier of fact at the pretrial hearings or at a nonjury trial or at a jury trial.
Finally, the court finds that the burden of proof is on the People to provide by a preponderance of the evidence that the defendant is fit to stand trial (People v Grisset, 118 Misc 2d 450). The court further finds that the statute concerning whether or not the defendant is fit to proceed does not distinguish between whether the defendant is fit to proceed for the purpose of pretrial hearings or for the purpose of a jury trial or nonjury trial as the criminal process does not proceed in a piecemeal and independent stages, but rather, that all stages of a criminal proceeding are interdependent, and intertwined. More importantly, the court finds that substantial constitutional rights may be determined by the trier of fact during pretrial proceedings which in certain cases may be dispositive of all issues in a criminal proceeding and that substantial constitutional rights of the defendant may be determined by pretrial proceedings which may affect the manner in which a jury trial or a nonjury trial is conducted by a defense counsel. The court further finds that certain defenses may be so intimately intertwined with the defendant’s choices and substantial constitutional rights during pretrial hearings that this court cannot find and will not find that the defendant is competent to stand trial for the purpose of pretrial hearings but is not competent to stand trial at a jury or nonjury trial. That such a ruling would substantially violate the *402 defendant’s rights guaranteed by the US Constitution 6th Amendment and NY Constitution, article I, §§ 2, 6 as to a fair trial to be dispositive of the issues presented for this court. The court rules that article 730, in particular, CPL 730.20, does not provide for a distinction between competency to stand trial and assist counsel in the defense of pretrial hearings as distinguished from a jury or nonjury trial and further to rule that way would violate substantial constitutional rights as to the right to a fair trial guaranteed by the US Constitution and the NY Constitution and due process rights guaranteed by the US Constitution and NY Constitution.
Accordingly, the court finds that the defendant is not competent to stand trial as defined by CPL article 730 and accordingly, the defendant is committed to the custody of the Commissioner of Mental Hygiene for care and treatment in an appropriate institution for a period not to exceed one year from the date of the order.